Lin v. Lynch

BIA
Poczter, IJ
A200 239 001

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of August, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

JIN LIN,
> *Petitioner,*

v.                                                    15-400
                                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:         Theodore N. Cox, New York, NY.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy
                        Assistant Attorney General; Terri J.
                        Scadron, Assistant Director; Manuel
                        A. Palau, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Lin, a native and citizen of the People's Republic of China, seeks review of a January 22, 2015, decision of the BIA, affirming a December 14, 2012, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Lin,* No. A200 239 001 (B.I.A. Jan. 22, 2015), *aff'g* No. A200 239 001 (Immig. Ct. N.Y. City Dec. 14, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications, like Lin's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on

2

an asylum applicant's "demeanor, candor, or responsiveness," and on inconsistencies within the applicant's statements, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the adverse credibility determination, which was based on inconsistent and unclear testimony calling into question whether Lin understood the basis of his asylum claim, and by extension, calling the credibility of the claim into question.  Lin alleged that he has been, and would be, persecuted for attending an underground church.  However, when questioned initially, he said he would attend a government-sponsored church.  Then when questioned by his own counsel, he said he was unwilling to go to a government church.  But when questioned by the IJ, he said he did not know the difference between the two churches, stated he would maybe go to both, and finally stated that he would not attend at all if he returned to China.  Lin did not provide compelling explanations for these inconsistencies because his responses

3

that he did not know the difference, would attend both, or would not attend at all, introduced more confusion. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The adverse credibility determination is further supported by the IJ's demeanor finding, to which we defer. *Id.* at 81 n.1; *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Moreover, Lin's failure to corroborate his testimony with evidence further undermined his credibility. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ did not abuse her discretion in declining to give weight to his letters. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight given corroborating evidence lies largely with discretion of agency); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

In light of the inconsistent and confusing testimony regarding the basis for Lin's fear of persecution, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia*

*Lin*, 534 F.3d at 167. Because asylum, withholding of removal, and CAT relief all relied on the same factual predicate, the adverse credibility determination is dispositive. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk